### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| JAMES NATHANIEL DOUSE, ) | |
| ) | |
|     *Plaintiff, pro se,* ) | Case No. 8:20-cv-01587-MSS-TGW |
| ) | |
| v. ) | Hon. Mary S. Scriven |
| ) | |
| NEAL COMMUNITIES OF SOUTHWEST ) | Hon. Mag. Thomas G. Wilson |
| FLORIDA, INC., a Florida corporation, ) | |
| ) | |
|     *Defendant*. ) | |

### MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

NOW COMES, Defendant, Neal Communities of Southwest Florida, Inc., a Florida corporation ("Neal"), and in support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

### INTRODUCTION

1. This matter was originally filed on March 30, 2020, in the Middle District of Tennessee, Nashville Division, and styled as Case No. 3:20-cv-00277.

2. On April 24, 2020, Neal filed its Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6).

3. On July 20, 2020, Judge Waverly D. Crenshaw, Jr. entered an order exercising authority pursuant to 28 U.S.C. § 1406(a), and transferred this cause to this Court, while also denying Neal's motion without prejudice in light of said transfer.

4. Having disposed of the jurisdictional issues via transfer, Neal herein re-raises the same substantive issue addressed in its prior motion, to wit, that Plaintiff has failed to state a claim upon which relief can be granted sufficient to survive a challenge under Federal Rule of Civil Procedure 12(b)(6).

5. Due to the nature of the complaint, it is difficult to glean the specific causes of action set forth by Plaintiff herein.

6. As best as Neal can gather, Plaintiff seeks relief from, *inter alia*, purported violations of (1) 42 U.S.C. § 1983, (2) Fla. Stat. § 196.081, (3) 38 CFR § 3.327, (4) Title VIII (Fair Housing Act), (5) the Americans with Disabilities Act, (6) the Civil Rights Act of 1964, and (7) the Equal Protection Clause of the Fourteenth Amendment, as well as purported damages for (8) "[r]etaliatory [t]hreats and [i]ntim[id]ation," (9) "[v]iolation of [Plaintiff's] [p]rotected [c]onstitutional [r]ights," (10) "[i]ndifferent [t]reatment when [c]onstructing the house," (11) "[s]tereotypes," (12) "un[due] [h]arassment toward [Plaintiff]," (13) "[h]arshness toward Pentagon Federal Credit Union [l]oan [p]rocessor," (14) "[d]isregard of an active [s]ale [c]ontract, and (15) breach of fiduciary duty. *See* Dkt. 1, ¶ 13.

## LEGAL STANDARD

7. When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "accept[] as true all well-pleaded factual allegations in the complaint." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312 (11th Cir. 2015) (*citing Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010)).

8. In considering said allegations, a court will construe said allegations "in the light most favorable to the plaintiff." *Id.* (*quoting Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).

9. However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (*citing South Florida Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

2

10. Moreover, a pleading that offers just a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

11. In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570).

12. This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 557).

13. If "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

## ARGUMENT

14. As an initial matter, it must be noted that Plaintiff has improperly identified the Defendant, as the entity named by Plaintiff, to wit, Neal Communities of Southwest Florida, Inc., has been an inactive corporation since at least December 30, 2009, which occurred many years prior to the events complained of herein.

15. On this basis alone, Plaintiff's complaint should be dismissed.

16. Beyond this facial deficiency, however, Plaintiff's complaint clearly fails to properly plead a cause of action under the *Twombly* and *Iqbal* standards.

### III. Plaintiff has not Properly Alleged a Claim Under Title VIII (Fair Housing Act) or 42 U.S.C. § 1983.

17. Plaintiff cites to a plethora of statutes and purported common law causes of action in a shotgun-style effort to craft a claim, including as an example, alleging a violation of 38 CFR § 3.327, which codifies the requirement of the Veterans' Administration to reexamine certain

individuals to determine the continued existence of a disability, and provides no private right of action.

20. In the interest of brevity and judicial economy, Defendant does not respond to each and every alleged violation raised by Plaintiff as none of said alleged violations have been plead with even a modicum of particularity, and instead, have been listed bullet point style with no further explanation.

19. At its core, however, Plaintiff's claim is one that sounds in violations of the Title VIII (Fair Housing Act) and 42 U.S.C. § 1983, based upon allegations of purported discrimination against Plaintiff with respect to Plaintiff's purchase of a home.

A. *Title VIII (Fair Housing Act)*

20. In order to establish a *prima facie* case under Title VIII, a plaintiff must prove the following elements: (1) that he or she is a member of a racial minority; (2) that he or she applied for and was qualified to rent or purchase certain property or housing; (3) that he or she was rejected; and (4) that the housing or rental property remained available thereafter. *See Sec'y, U.S. Dep't of Hous. & Urban Dev. on behalf of Herron v. Blackwell*, 908 F.2d 864, 870 (11th Cir. 1990) (*citing Selden Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 159 (6th Cir. 1986)).

21. Neal does not contest that Plaintiff has satisfied the first and second element, to wit, the Plaintiff is a member of a racial minority, and he applied for and was qualified to purchase the home contracted for.

22. Plaintiff has not alleged in his complaint that he was rejected from purchasing the home, nor could Plaintiff so allege, as Plaintiff has ultimately followed through with the contracted purchase of his home, and has recorded a deed with relation thereto dated April 30,

2020, which has been assigned Instrument No. 202041045692, and which is on file in the land records of Manatee County, Florida.

23. Additionally, Plaintiff has not alleged in his complaint that the home contracted for remains available, nor could Plaintiff so allege, as Plaintiff is the present titleholder of the home.

24. As such, Plaintiff cannot establish a *prima facie* case that Neal has violated Title VIII.

B. *42 U.S.C. § 1983*

25. Section 1983 creates a remedy for those denied "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

26. Section 1983 does not alone create substantive rights; rather, "§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Drudge v. City of Kissimmee*, 581 F. Supp. 2d 1176, 1184 (M.D. Fla. 2008) (*quoting Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002)).

27. In order to state a claim under Section 1983, a plaintiff "must demonstrate both that the defendants deprived them of a right secured under the Constitution or federal law and that the deprivation occurred under color of state law." *Cook v. Randolph County*, 573 F.3d 1143, 1151-52 (11th Cir. 2009) (*quoting Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999)).

28. Nowhere in the complaint does Plaintiff allege that with any specificity what substantive right was denied Plaintiff by the actions of Neal, nor does Plaintiff allege how Neal acted under color of state law.

29. Plaintiff takes umbrage with the email sent to him by Mr. Pflugner, however, Plaintiff provides no explanation as to how said email denied him any substantive right, nor does Plaintiff allege how Mr. Pflugner was acting under color of state law. *See* Compl., ¶ 5; Ex. A.

30. As such, Plaintiff cannot establish a *prima facie* case that Neal has violated 42 U.S.C. § 1983.

31. Ultimately, Plaintiff's complaint is wholly without "sufficient factual matter," which if accepted as true, would 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (2009).

32. Furthermore, the other claims and purported violations alleged by Plaintiff lack even the barest of support; none list the elements of the offense, and none provide direct explanation of how the facts pled relate to any individual cause of action.

33. In sum, Plaintiff's complaint clearly fails to state a cause of action under any analysis, and this Court should dismiss said complaint with prejudice.

## CONCLUSION

For all these reasons, Plaintiff's causes of action against Neal Communities of Southwest Florida, Inc., should be dismissed pursuant to FRCP 12(b)(6) because Plaintiff has failed to state a claim upon which relief could be granted.

Respectfully Submitted,

/s/ *Matthew E. Vogler*
Matthew E. Vogler*
Ohio Bar No. 94073
Email: mvogler@voglerlegal.com
**VOGLER & ASSOCIATES, P.C.**
600 Superior Avenue East, Suite 1300
Cleveland, Ohio 44114
Telephone: (216)522-1922
Facsimile: (216)479-6801

-and-

/s/ *Edward Vogler II*
Edward Vogler II
Florida Bar No. 0380970
Email: edvogler@voglerashton.com
**VOGLER ASHTON, PLLC**
705 10th Avenue West, Unit 103
Palmetto, Florida 34221
Telephone: (941)304-3400
Facsimile: (941)866-7648

*\*Pending Admission Pro Hac Vice*

*Attorneys for Defendant Neal Communities of Southwest Florida, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court on August 4, 2020, which sent e-mail notification of such filing to all CM/ECF participants, and which was separately served via U.S. Mail on Plaintiff, appearing *pro se*, addressed as follows:

>James Nathaniel Douse
>718 Thompson Lane
>Bldg. 108, Unit 124
>Nashville, Tennessee 37204

/s/ *Matthew E. Vogler*_____
Matthew E. Vogler