UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES NATHANIEL DOUSE,**

    **Plaintiff,**

v.                                                    Case No: 8:20-cv-1587-T-35TGW

**NEAL COMMUNITIES OF SOUTHWEST FLORIDA, INC.,**

    **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration *sua sponte*. This matter was transferred to the Middle District of Florida from the Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a). (Dkt. 20) The Court stayed and administratively closed the matter pending the resolution of Plaintiff's interlocutory appeal to the Sixth Circuit Court of Appeals. (Dkt. 35) Upon resolution of that appeal, the matter was reopened and Defendant was directed to respond to the Complaint or request reinstatement of its previously filed Motion to Dismiss within fourteen days. (Dkt. 39) Defendant has failed to move to reinstate its Motion to Dismiss and has not otherwise responded to the Complaint. "When a defendant, faced with a shotgun pleading, fails to move the district court to require the plaintiff to file a more definite complaint, 'the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.'" Isaac v. United States, 809 F. App'x 595, 598 (11th Cir. 2020) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 n.10 (11th Cir. 2015)). Despite Plaintiff's representation that "[t]his is not a 'Shotgun' Pleading," the Court finds that the Complaint must be repleaded.

**I.    BACKGROUND**

*Pro se* Plaintiff James Nathaniel Douse brought this action on March 30, 2020 against Neal Communities of Southwest Florida, Inc. (Dkt. 1)[1] In the Complaint, Douse states that he is bringing claims pursuant to 42 U.S.C. § 1983, the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1964 and 1968, violations of "Veteran Administration Law" and Florida Statute § 196.081. (Id.) Factually, Plaintiff's Complaint appears to raise concerns about what he contends was a "threatening" and "intimidating" email he received from the general legal counsel of the Sarasota County Property Appraiser regarding the purchase of his house and his eligibility for tax exemption as well as certain requests and demands made by Defendant during the process of closing on Plaintiff's home in Florida. (Id.) The Complaint is otherwise incomprehensible, consisting mostly of conclusory, vague, and immaterial facts that do not clearly relate to any particular cause of action alleged. Additionally, it contains references to random, disjointed statements of law. (Id.) Douse claims, among other things, "[u]nprovoked and without warning [a] person, J. Geoffrey Pflugner or someone using his information, emailed [Plaintiff] with an Attempt to Threaten and or intimidate [him] regarding Purchasing of Housing." (Id. at 4) Douse further states that the email was threatening and intimidating because Pflugner stated he was the "Boss" and "General Legal counsel of Sarasota County Property Appraiser" despite Plaintiff's having "never asked him for his job title nor job status." (Id.) Douse also states that Defendant requested certain items that he did not have, including "Florida driver's licenses or Florida identification cards for non-drivers," "Florida vehicle tag number(s) on all vehicles privately

---

[1] Douse has paid the filing fee in this action.

owned," "Manatee County Voter's Registration card or Declaration of Domicile," "Resident Alien Card if not a US Citizen," and a "Copy of the entire trust agreement, or a recorded memorandum of trust, if property is held in a trust." (Id. at 7) Douse also attaches numerous exhibits and documents to his Complaint. (Dkts. 1-2 through 1-13) The exhibits do not clarify the factual basis of the claims Douse is attempting to assert.

I. DISCUSSION

The Complaint must be dismissed because it is an impermissible shotgun pleading. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' by fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294-94 (11th Cir. 2018). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (iii) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015). Even though Douse is proceeding *pro se* (that is, without a lawyer) he must still comply with these minimum pleading standards. See, e.g., Archer v. City of Winter Haven, No. 8:16-CV-

3067-T-36AAS, 2017 WL 11319170, at *1 (M.D. Fla. Dec. 8, 2017) (dismissing *pro se* complaint as an impermissible shotgun pleading).

The Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and it fails to "separat[e] into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322. As explained above, the Complaint does not clearly assert each cause of action separately in different counts and provide the relevant underlying facts associated with each claims. This makes it difficult (if not impossible) to "discern the factual basis of [the] claims." Bynum v. Resienburg, No. 1:18-CV-595-MHC, 2018 WL 6163179, at *3 (N.D. Ga. Feb. 12, 2018) (dismissing "largely incomprehensible" *pro se* complaint as a shotgun pleading). Though Defendant did not reassert its Motion to Dismiss, it is clear from the original filing that Defendant had difficulty ascertaining the basis for Plaintiff's claims against it and responding thereto. (Dkt. 31)

Douse may file an Amended Complaint that remedies the deficiencies identified above. If he chooses to do so, he must comply with Rules 8 and 10 by separating his claims into separate sections called Counts, including only factual allegations that support each of his claims in the separate Counts, and stating the facts that support his claims plainly and simply.

Finally, the Court encourages Douse to consult the "Proceeding Without a Lawyer" guidelines on the Court's website, located at https://www.flmd.uscourts.gov/litigants-without-lawyers.

II.   **CONCLUSION**

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff shall have **twenty-one (21) days** from the date of this Order to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure and the shotgun pleading rule. If no amended complaint is filed and no request for extension of time is filed within the timeframe stated above, the case shall be **CLOSED** without further notice.

3. If the deficiencies are not cured, this case may be dismissed by the Court without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of November, 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party