IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

JAMES NATHANIEL DOUSE,
   Plaintiff, Pro Se

Vs.                                   Case No: 20-CV-1587

NEAL COMMUNITIES OF SOUTHWEST FLORIDA, INC.
   Defendant.

)
)
)
)
)
)

**AMENDED COMPLAINT      Pursuant to FRCP Rules 8 and 10**

1). On March 30, 2020, and as a Resident of the Great State of Tennessee Plaintiff filed a <u>7 counts</u> Complaint against Neal Communities Of Southwest Florida, Inc in the Middle District Court of Tennessee – Nashville Division. Civil Action 03-20-0277, hereafter Neal Communities Of Southwest Florida, Inc will be Reference as Defendant.   **The 7 Counts have now be condensed to 3 counts.  See Appendix 1 attached.**

September 7, 2020, Plaintiff became a Resident of Florida once again**.**

Because of the 7 counts due to the Defendant's behavior, Plaintiff is seeking Compensatory Damages, Attorney Fees, Court Costs and Travel expenses, Punitive Damages and Relief from all forms of Harassment against this Plaintiff.

1.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

## I. INTRODUCTION

2). Pursuant to Florida Statute, "Penalties can be enhanced for victimizing seniors, persons with disabilities or Military Service Veteran."

Per (Dkt.39) Defendant has Failed to Move to Reinstate its Motion to Dismiss and has not responded to the Complaint. **Defendant's Not Responding is Default Judgment in favor of this Plaintiff....See Appendix 1 attached, Pg 11 of 15 of complaint**; Plaintiff Demand Judgement against the Defendant for $10,000,000(Ten Million Dollars for Compensatory Damages in addition to all Court Costs, miscellaneous Fees, Aggravating Circumstances Damages, Punitive Damages and Damages allowed by this Court where it deems appropriate and Yet to date, the Defendant has clearly failed to Respond Pursuant to

FRCP Rule 8 (b)(6)
(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

FRCP Rule 8 (b)(3)
(3) General and Specific Denials. A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

2.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

3). To survive a Motion to Dismiss under FRCP Rule 12(b)(1) and 12(b)(6) a Civil Rights complaint must contain Facts........which state a Claim as a Matter of Law......and must not be conclusory......See Gregory v. Dillards, Inc., 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotations and citation omitted).

A Plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right'

While a Plaintiff need not set forth detail factual allegations or specifics facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. Id. (quotations and citation omitted).

In my view, this Court should consider this Re-pleading materials embraced by the pleadings, exhibits attached to the pleading...(including emails) and matters of public record.....Mills v. City of Grand Forks, 614 F.3d 495, 498(8th Cir, 2010). "Documents necessarily embraced by the pleading include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" Ashanti v. City of Golden

3.

<u>JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc</u>

Case No: 20-CV-1587

Valley, 666 F.6d, 1148, 1151 (8th Cir. 2012) (quoting Kushner v. Beverly Enters., Inc., 317 f.3d 820, 831 (8th Cir. 2003))

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

## II

## FACTS OF COUNTS:

4).

### COUNT-1

Violation of The Civil Rights Act of 1964 and 1968 Federal Fair Housing Act – Against Threats and intimidation of any kind. On or about March 17, 2020, one of Allegiant's Title Professional employees( Teresa Thurmond, Closing Coordinator for Allegiant Title Professionals, LLC was trying to manipulate me out of my House….telling me that "I could not close unless I have Florida Identification" See Exhibit "A" and See Exhibit "D"; See Exhibit "J"

However, On March 17, 2020, I was a resident of the State of Tennessee. Meaning I had no Florida Identification at all and they knew that. This person Ms. Teresa Thurmond for Allegiant Title Professional was trying to tell me, "before I can close on the house, I need a Florida Drivers License, a Florida Tag for my car and detail information regarding any Trust Accounts that I may have"

Several hours later, I received an email from her "Boss" General Legal Counsel Sarasota County Property Appraiser Office, Mr. J. Geoffrey Pflugner, Telling me about Florida Homestead. I never asked him about Florida Homestead. I never asked him to email me.  I checked

5.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

Manatee Property Appraiser Office and they said that I do not file yearly Homestead Exemption. So Why is this person Emailing me? And also saying, because of my Tax-Exempt Status as a 100% Permanent and Total Disabled veteran that I would have to be Tested annually at the Veteran Administration …which is not True. See VA Law 38 CFR § 3.327. This was a Clear attempt to Threaten and intimidated a home buyer because I had no need to speak to Mr. Pflugner nor did I ever asked for his Job title.

6.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

COUNT-2

**See Exhibit "Count-2"** (Dkt 14) case 3:20-cv-00277 Page 2 of 10 Middle District Court of Tennessee  Under 10.8 Title VII, Civil Rights Act of 1964

RETALIATION.   Even an unsuccessful attempt is illegal.

Plaintiff seeks damages against the defendant for Retaliation, Violation of my Protected Constitutional Rights, Violation of The Fair Housing Act......Indifferent Treatment, Stereotypes, Disregard of an active Sale Contract Which is a "Breach of Fiduciary Duty".

Again, "It shall be unlawful to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment…..an individual's race, color, religion, sex, or national origin"……Title VII, Civil Rights Act of 1964:

Out of Pure Spite.. and abusing my finances...the Defendant's Closing Agent " Allegiant Title Professional" forced me <u>to sign Notarize and  Fedexing Closing Document from Tennessee to Sarasota, Florida and Virginia......3 Separate Times, 3 Separate Dates when there where no Deficiencies in either of the Closing Disclosure.</u>  See Ms. Nancy Reynold CFO of Neal Communities as I voice my

7

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

complaint with her.   As this is a <u>Form of Harassment and Indifferent Treatment</u>.  It just not fair for them to treat me like that.....I did nothing wrong.

8.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

Count-3

Misappropriation of Federal Funds AND Taking control of homeowners personal and Private Property Pursuant to:

18 U.S.C § 666(a)(1)(A),
18 U.S.C § 666(a)(1)(A)(ii),

Seeing that The Neal Communities nor its Canoe Creek Homeowners Association is not the government that can MAKE law nor take property as this is not ... Eminent Domain and Regulatory Takings.......The repositioning of my Fence is not in violation of any ordinance. This is Private Property and I have a Right to be secured, safe in my Home, Paper, and Lifestyle.

See Exhibit "Fencing"

I never sign any agreement that I would reposition my fence.

9.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

### III.

In Conclusion,

In accordance with FRCP Rules 8 and 10, Plaintiff must present the evidence to my complaint.......The evidence has been clearly presented....in Supporting Exhibits.

Plaintiff has properly alleged which specific actions caused Defendant's Violation of the various Laws

Damages and Relief are clearly stated. A federal court must redress such Damages or [Legal] Injuries which can be clearly and adequately traced back to the Defendant.

Respectfully submitted,
November 30, 2020

*James N. Douse Jr.*
JAMES NATHANIEL DOUSE, Pro Se
1767 Lakewood Ranch Blvd.
Unit 375
Bradenton, Florida 34211

10.

JAMES NATHANIEL DOUSE Vs. Neal Communities Of Southwest Florida, Inc

Case No: 20-CV-1587

CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, I cause the foregoing Papers to be served to the Party below via United States Postal Certified Mail addressed to:

Nancy Reynolds
CFO
Neal Communities
5800 Lakewood Ranch Blvd.
Sarasota, FL. 34240

James E. Schier
Registered Agent
Canoe Creek Investment, LLC
5800 Lakewood Ranch Blvd
Sarasota, FL. 34240
**941-304-1500**

Matthew E. Vogler, Esq.
600 Superior Avenue East,
Suite 1300
Cleveland, Ohio 44114
Counsel for Defendant

Respectfully submitted,
November 30, 2020

_/s/ James N. Douse, Jr._
JAMES NATHANIEL DOUSE, Pro Se
1767 Lakewood Ranch Blvd.
Unit 375
Bradenton, Florida 34211

11.