## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JAMES NATHANIEL DOUSE,**

     **Plaintiff,**

**v.**                           **Case No: 8:20-cv-1587-T-35TGW**

**NEAL COMMUNITIES OF**
**SOUTHWEST FLORIDA, INC.,**

     **Defendant.**

_____

### <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6), (Dkt. 42), the Plaintiff's Reply to [the] Court's 02/02/2021 Order: "Discovery Motion" Document 45, (Dkt. 46), which the Court construes as Plaintiff's response to the Motion to Dismiss and a request for reconsideration of the Order denying Plaintiff's Motion for Default Judgment, (Dkt. 44), Defendant's Motion to Strike Pursuant to FRCP 12(f), (Dkt. 47), and Plaintiff's [Second] Motion for Default Judgment. (Dkt. 49) Upon consideration of the relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Amended Complaint, **DENIES** Plaintiff's construed request for reconsideration, and **DENIES** Plaintiff's [Second] Motion for Default Judgment.

## I.   BACKGROUND

*Pro se* Plaintiff, James Nathaniel Douse, initiated this action against Defendant Neal Communities of Southwest Florida, Inc. on March 30, 2020 in the Middle District of Tennessee. (Dkt. 1) The matter was transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a). (Dkt. 20) On November 9, 2020, the Court dismissed Douse's Complaint without prejudice as a shotgun pleading, affording him leave to amend to correct the pleading deficiencies. (Dkt. 40) On November 30, 2020, Plaintiff filed an Amended Complaint, asserting violations of the Fair Housing Act ("FHA"), Title VII the Civil Rights Act of 1964 ("Title VII"), his constitutional rights, which the Court construes as a claim brought pursuant to 42 U.S.C. § 1983, and 18 U.S.C. § 666.  (Dkt. 41)

Plaintiff's Amended Complaint purports to bring three counts against Defendant. (Dkt. 41) Though the factual allegations are not entirely clear, Count I appears to assert a claim arising out of alleged violations of the FHA based on the actions of several employees of Allegiant Title Professionals, LLC who sent Plaintiff emails that Plaintiff viewed to be threatening or intimidating. (Id. at 5–6) Specifically, Plaintiff contends that an individual by the name of Teresa Thurmand, tried to "manipulate" Plaintiff out of his house, telling him that he could not close without Florida identification, which he did not have as a resident of Tennessee. (Id.) Likewise, a J. Geoffrey Pflunger sent Plaintiff an unsolicited email about his eligibility for a homestead exemption, which Plaintiff alleges was an attempt to threaten and

intimidate him from purchasing a home. (Id.) In Count II, Plaintiff attempts to bring a claim for retaliation under Title VII and the FHA premised on the conduct of Defendant's closing agent, who allegedly forced him to unnecessarily sign, notarize, and mail closing documents on three separate occasions. (Id.) It appears that Plaintiff did in fact successfully purchase the home at issue because Count III alleges that Defendant and his current property's homeowner's association have illegally repositioned a fence on the property without his consent. (Id.) Notably, this allegation appears to have formed the basis for a separate lawsuit that Plaintiff initiated against his homeowner's association. Douse v. Canoe Creek Homeowner's Association, Inc., Case No. 8:20-cv-02158-MSS-TGW (dismissed without prejudice for lack of subject matter jurisdiction). Defendant has moved to dismiss the Amended Complaint in its entirety for failure to state a claim.

## II.    LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 127 S. Ct. at 1964-65). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## III.   DISCUSSION

In the Motion, Defendant argues that the Amended Complaint is subject to dismissal for failure to state a claim because Plaintiff makes no allegations of any conduct by Defendant that would subject Defendant to liability. (Dkt. 42) Defendant is correct.

Specifically, in Count I, Plaintiff attempts to bring a claim arising out of a purported violation of the FHA. (Dkt. 41 at 5) However, the allegations in Count I pertain to the conduct of employees of Allegiant Title Professionals, LLC, the closing agent for Plaintiff's home purchase and an individual whom Plaintiff identifies as the General Legal Counsel for the Sarasota County Property Appraiser's Office.[1] (Id.) Notably, Plaintiff does not identify any conduct by Defendant, Neal Communities of Southwest Florida, Inc., or Defendant's employees giving rise to this cause of action. (Id.) Likewise, in Count II, Plaintiff attempts to state a claim for purported retaliation against him by individuals based on their having forced him to sign and notarize closing documents more than once. (Id. at 7–8) Plaintiff references "Nancy Reynold," whom he claims is the Chief Financial Officer for Defendant, but he does not allege any action taken by Ms. Reynold that relates to Count II. (Id.) In Count III, Plaintiff alleges that an improper taking of Plaintiff's property occurred arising out of the repositioning of Plaintiff's fence, but it is not clear from the allegations what Defendant's involvement was in the repositioning of the fence. (Id. at 9)

Moreover, Plaintiff's allegations fail to state a cognizable claim for violations of the federal statutes under which he purports to bring suit. To plead an action under 42 U.S.C. § 1983, a plaintiff must demonstrate "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under a color of

---

1 Defendant notes that Plaintiff improperly identifies Mr. Pflugner's title, suggesting that he is also an employee of Allegiant Title Professionals, LLC. (Dkt. 42 at n.1) Regardless, it is not clear how Mr. Pflugner's conduct is attributable to Defendant.

state law." Holmes v Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Plaintiff alleges no facts to support either element sufficient to plead this cause of action. Further, the second requirement of § 1983 claim is difficult to satisfy where, as here, the defendant is a private citizen, because "only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Thus, the color of state law requires action by a public official or a finding that a private party's involvement with the state justifies that the party engaged in state action. See Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288 (2001). Plaintiff sets forth no facts to support that any conduct by Defendant—to the extent any conduct is even attributable to Defendant—occurred under color of state law. Thus, Plaintiff, therefore, does not and cannot plausibly allege a claim under § 1983 against Defendant.

The FHA makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The FHA also contains an antiretaliation provision, contained in 42 U.S.C. § 3617, which makes it illegal to "coerce, intimidate, threaten, or interfere with any person" who has exercised their rights, or "aided or encouraged any other person" in exercising their rights under 42 U.S.C. § 3603 through 42 U.S.C. § 3606. Likewise, Title VII makes it an unlawful employment practice for an employer to discriminate against an employee or applicant "because he has opposed any practice made an unlawful employment practice by this

subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Plaintiff has not sufficiently pled factual allegations to support the claim that Defendant refused to sell, refused to negotiate for the sale, otherwise made unavailable, or denied him housing because of his race, color, religion, sex, familial status, or national origin. Nor has he sufficiently pled factual allegations to support the claim that Defendant has coerced, intimidated, threatened, or interfered with his exercise or enjoyment of rights under 42 U.S.C. § 3603 through 42 U.S.C. § 3606. There are also no allegations that there was any employment or prospective employment relationship between Plaintiff and Defendant so as to sustain a cause of action brought pursuant to Title VII.

Finally, in Count III, Plaintiff cites to 18 U.S.C. § 666, which criminalizes theft or bribery concerning programs receiving Federal funds. (Dkt. 41 at 9) However, courts have held that there is no express or implied private right of action under 18 U.S.C. § 666.  Bush v. Frazier, No. 2:18-CV-00732-SGC, 2019 WL 3305145, at *9 (N.D. Ala. July 23, 2019) (collecting cases). Accordingly, Plaintiff's claim brought pursuant to § 666 is dismissed with prejudice. Moreover, as argued by Defendant in the Motion to Dismiss, Plaintiff has made no allegation sufficient to sustain a cause of action against Defendant related to this fence dispute.

Plainly, even though the Court construes *pro se* pleadings liberally, it cannot dispense with basic pleading requirements. Plaintiff has not stated, nor can the Court determine, any actionable claim for relief against Defendant from his pleading.

"Generally, a *pro se* plaintiff must be given at least one chance to amend his or her complaint." Wright v. Ashton, No. 617CV436ORL41DCI, 2017 WL 9690365, at *11 (M.D. Fla. Oct. 13, 2017) (citing Cornelius v. Bank of Am., N.A., 585 F. App'x 996, 100 (11th Cir. 2014)), adopted by 2018 WL 1466396 (M.D. Fla. Mar. 26, 2018). Nevertheless, a court may "dismiss a *pro se* complaint with prejudice where any amendment would be futile—that is, where even a more carefully drafted complaint could not state a claim." Alberto v. Sec'y, Fla. Dep't of Corr., 770 F. App'x 467, 469 (11th Cir. 2019). Here, Plaintiff has brought a prior suit, which was dismissed, and he has been afforded an opportunity to amend his pleadings to state a cognizable claim for relief, and he has failed to do so. Moreover, an additional opportunity to amend would be futile, as it does not appear that the conduct of which he complains could sustain any actionable claim against Defendant. As such, the Court finds that Defendant's Motion to Dismiss is due to be **GRANTED**.

In Plaintiff's construed response and request for reconsideration, Plaintiff again suggests that an award of default judgment is proper in this case because Defendant failed to timely respond to his original complaint prior to the Court's *sua sponte* dismissal, and because its response to his Amended Complaint was untimely. (Dkt. 46) In Plaintiff's Memorandum in support of his second Motion for Default Judgment, Plaintiff contends that the Court's January 15, 2021 Order incorrectly stated that Defendant filed its response before Plaintiff moved for default because Plaintiff requested default judgment in his Amended Complaint. (Dkt. 50)

As explained in the Court's Order denying Plaintiff's original motion for default judgment, (Dkt. 44), Plaintiff is not entitled to a default judgment for procedural and substantive reasons, the former being that no clerk's default has been entered against Defendant pursuant to Federal Rule of Civil Procedure 55(a)[2], and the latter being that (1) Defendant has responded to the Amended Complaint, (2) Defendant's untimely response was not prejudicial to Plaintiff, and (3) the entry of a default judgment is an extreme sanction not warranted in this case. That Plaintiff prematurely requested a default judgment be entered against Defendant in his amended pleading does not alter those determinations. As such, Plaintiff's construed request for reconsideration and Second Motion for Default Judgment are due to be **DENIED**.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, (Dkt. 42), is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED with prejudice**.

2. Defendant's Motion to Strike Pursuant to FRCP 12(f), (Dkt. 47), is **DENIED**.

3. Plaintiff's construed request for reconsideration, (Dkt. 46), is **DENIED**.

---

[2] Plaintiff's Motion for Clerk's Default has been denied. (Dkt. 53)

4.  Plaintiff's [Second] Motion for Default Judgment, (Dkt. 49), is

**DENIED**.

5.  The Clerk is directed to terminate any pending motions and **CLOSE**

this case.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of March 2021.

_____

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party